Seawell v. Yow

HOMER F. SEAWELL v. FRANKIE N. YOW, JR.

No. 7620DC657

(Filed 2 February 1977)

**Torts § 7— ratification of insurance carrier's settlement — plea in bar — insufficiency of evidence**

The trial court erred in dismissing plaintiff's claim against defendant for property damages resulting from an automobile accident on the ground that plaintiff had ratified his insurance carrier's settlement of defendant's claim against plaintiff for personal injury and property damage where there was nothing in the record to support the conclusion that plaintiff had ratified the settlement.

APPEAL by plaintiff from *Webb, Judge.* Order entered 16 March 1976 in District Court, MOORE County. Heard in Court of Appeals 18 January 1977.

This is a civil action wherein the plaintiff, Homer F. Seawell, seeks to recover from the defendant, Frankie N. Yow, Jr., damages to personal property allegedly resulting from an automobile accident on 24 February 1972. Defendant filed an answer denying negligence, alleging contributory negligence, and alleging that plaintiff's liability insurance carrier had settled defendant's claim against plaintiff for personal injury and

property damage arising out of the same automobile accident, and that the defendant in consideration of the payment of $1275.00 had released the plaintiff from all claims arising out of the automobile accident. Defendant further alleged that plaintiff had ratified the settlement. Defendant also filed a counterclaim for personal injury and property damage.

After making findings and conclusions the trial court entered an order dismissing plaintiff's claim. Plaintiff appealed.

*Evans and Shelton by John B. Evans for the plaintiff appellant.*

*William D. Sabiston, Jr., and Hurley E. Thompson, Jr., by William D. Sabiston, Jr., for defendant appellee.*

HEDRICK, Judge.

When the cause came on for trial, the record indicates that defendant's counsel made the following statement, "I think we can get in some stipulations prior to the motions." The record on appeal indicates that thereafter a general discussion was had between the plaintiff's attorney, the defendant's attorney, the plaintiff, and the judge as to certain stipulations with respect to the settlement of defendant's claim against the plaintiff for personal injury and property damage. At the conclusion of this discussion defendant's counsel stated, "Now I move that the plea in bar be sustained and that the action be dismissed." After hearing arguments on the motion, Judge Webb announced, "I'll allow your motion for a plea in bar." In the order appealed from Judge Webb found and concluded among other things that plaintiff had ratified his insurance carrier's settlement of defendant's claim for personal injury and property damage and entered the order dismissing plaintiff's claim.

Because the defendant's motion does not contain the rule number under which the defendant was proceeding as required by Rule 6 of the General Rules of Practice for the Superior and District Courts, we are unable to determine under what procedure the court purported to dismiss plaintiff's claim. While the record on appeal indicates that the parties undertook to enter into some stipulations and that the court even considered such stipulations in making certain findings of fact, there is absolutely no evidence in this record to support the findings of fact made by Judge Webb. Furthermore, there is nothing in the

record before us, even if we consider the findings of fact made by the trial judge, to support the conclusion that plaintiff ratified his insurance carrier's settlement of defendant's claim against the plaintiff. Thus the record does not support the order dismissing plaintiff's claim.

For the reasons stated the order appealed from is vacated and the cause is remanded to the district court for further proceedings.

Vacated and remanded.

Judges VAUGHN and CLARK concur.